IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02176-REB-CBS

LORENZO SMITH,
    Plaintiff,
v.

APX LOGISTICS, INC.,
    Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

Pursuant to the Orders of Reference dated October 31, 2005 (docs. # 2 and # 3), this civil action was referred to the Magistrate Judge to, *inter alia,* "[h]ear and determine pretrial matters . . . ." . The matter comes before the court regarding Smith's failure to timely serve Defendant and failure to respond to the court's April 11, 2006 Order to Show Cause (doc. # 11).

Smith filed his "Title VII and 42 U.S.C. § 1981 Complaint and Jury Demand" on October 28, 2005. On February 17, 2006, counsel for Smith notified the court that a settlement had been reached in the case. The court vacated the Scheduling Conference set on February 23, 2006 and set a deadline of April 7, 2006 for submission of a stipulation for dismissal of this civil action. On April 7, 2006, Smith notified the court that on March 16, 2006 Defendant commenced Chapter 11 bankruptcy proceedings in the U.S. Bankruptcy Court for the Central District of California, Los Angeles Division. (*See* doc. # 10). In the notice, Smith acknowledged that Defendant has never been served and has not voluntarily appeared in this civil action. (*See* doc. # 10 at ¶ 5). The court's records indicate that Defendant has not filed a waiver of service or appeared in this action.

The Federal Rules of Civil Procedure provide:

> "If service of the summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint, the court, upon motion or on

> its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). On April 11, 2006, the court ordered Smith to show cause in writing on or before May 1, 2006 why this civil action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendant. The court advised Smith that failure to comply with the Order to Show Cause may result in dismissal of this civil action without further notice.

As of this date, Smith has not responded to the court's April 11, 2006 Order to Show Cause and has not filed with the court proof of service on the Defendant. More than 165 days have passed since the filing of the Complaint. Regardless of the bankruptcy proceedings, without proof of service, the court lacks personal jurisdiction over the Defendant. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted).

Accordingly,

**IT IS RECOMMENDED** that this civil action be dismissed without prejudice for failure to show cause and failure to timely serve Defendant.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of

the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge